IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM DARYN BROWN, 12068483,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-651-L** |
| | § | |
| **DALLAS COUNTY DISTRICT ATTORNEY**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner William Daryn Brown ("Petitioner"), proceeding pro se, filed the above-styled petition for habeas corpus pursuant to 28 U.S.C. § 2241. The case was referred for screening to Magistrate Judge Paul D. Stickney, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 26, 2013, recommending that this action be dismissed as moot because, after Petitioner filed this action, the state criminal charges against him were dismissed on March 12, 2013. According to the docket, the Report initially delivered to Petitioner was returned as undeliverable on August 13, 2013, because it was sent to 2101 Fountain Dr. #69 rather than 210 Fountain Dr. #G9. On August 13, 2013, the clerk mailed the Report to Petitioner at 210 Fountain Dr. #G9. Although the court delayed in ruling on the Report to give Petitioner an opportunity to file objections after the Report was remailed, no objections to the Report were filed as of the date of this order.

Having reviewed the pleadings, file, objections, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the

magistrate judge are correct and **accepts** them as those of the court. The Report does not state whether the case should be dismissed with or without prejudice. Respondent contends that it should be dismissed with prejudice but does not cite any authority for its contention in this regard. The dismissal of the state charges against Petitioner not only rendered his habeas petition moot; it also deprived this court of subject matter jurisdiction. *See Watkins v. Garrett*, No. 1:09-CV-486, 2011 WL 3624932, at *1 (E.D. Tex. Aug. 17, 2011) (concluding that the petitioner's release from prison mooted his section 2241 petition and deprived the court of subject matter jurisdiction to afford him any habeas relief). The court therefore **dismisses without prejudice** this action for lack of subject matter jurisdiction.

    **It is so ordered** this 4th day of September, 2013.

                                       Sam A. Lindsay
                                         United States District Judge